# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUGO GIL CANDIDO-BOLANOS, | Case No. 2:25-cv-01359-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| JOHN MATTOS, *et al.* | |
| Defendants. | |

Before the Court is Petitioner Hugo Gil Candido Bolanos's Petition for a Writ of Habeas Corpus (ECF No. 1). For the following reasons, the Court grants the Petition.

## I.   PROCEDURAL HISTORY

On July 25, 2025, Mr. Candido Bolanos filed a petition for a writ of habeas corpus challenging the legality of his detention and his pending removal to El Salvador. ECF No. 1. On that same day, he also filed a motion for a temporary restraining order, asking this Court to enjoin Mr. Lyons, Mr. Mattos, and Ms. Noem (collectively, "the Government") from removing him to El Salvador. ECF No. 2.

On July 26, 2025, this Court ordered the Government to indicate whether Petitioner was scheduled for removal. ECF No. 4. That same day, the Government filed a response and clarified that Mr. Candido Bolanos would not be removed to El Salvador. ECF No. 6. On July 28, 2025, the Court denied Petitioner's motion for a temporary restraining order as moot, while also clarifying that the Government must afford Petitioner an opportunity to challenge his removal to a third country. ECF No. 11. The Court also ordered the Government to file a response to the Petition's unlawful detention claims. ECF No. 11. The Government filed its response on August 10, 2025.

ECF No. 12.

On August 12, 2025, the Court ordered Petitioner to file a reply. ECF No. 13. Petitioner did so on August 21, 2025. ECF No. 14.

## II.   FACTUAL BACKGROUND

Mr. Candido Bolanos is a native of El Salvador who has been embroiled in the U.S. immigration system for decades. He first entered the United States as a young teenager, but he was deported to El Salvador due to a criminal conviction around 1993. In 2002, he re-entered the United States after fleeing El Salvador due to security concerns. He was subsequently charged with improper entry, and the Government initiated removal proceedings against him. On February 8, 2008, the Executive Office of Immigration Review ordered Mr. Candido Bolanos removed to El Salvador, but it also granted him deferral of removal pursuant to the Convention Against Torture. See ECF No. 6-1. Mr. Candido Bolanos was released shortly thereafter, but he later pled guilty to a federal RICO charge and spent approximately five years in federal custody. Starting in 2017, Mr. Candido Bolanos was placed under Immigration and Customs Enforcement ("ICE") supervision.

On July 22, 2025, Mr. Candido Bolanos was detained and served with a notice terminating his supervised release. This notice stated that Mr. Candido Bolanos would be removed to El Salvador, prompting him to seek various forms of relief before this Court. The Government subsequently clarified that Mr. Candido Bolanos would not be removed to El Salvador, leading this Court to deny his request for a temporary restraining order preventing his removal. All that remains is Mr. Candido Bolanos's challenge to his ongoing detention at the Nevada Southern Detention Center. Specifically, he brings statutory and constitutional challenges to his detention.

## III.   LEGAL STANDARDS

### A. Habeas Proceedings

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl.2). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of

Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citations omitted). Accordingly. this Court has jurisdiction to grant writs of habeas corpus to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 678 (2001) ("Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

Generally, "[a] court . . . entertaining a [petition] for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is clearly deficient. See 28 U.S.C. § 2243.

**B. Detaining Non-Citizens**

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, provides a "complex statutory framework of detention authority," codified at 8 U.S.C. §§ 1226 and 1231. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). In general, § 1226 governs detention during the pendency of a non-citizen's removal proceedings, and § 1231 governs detention following the issuance of a final removal order.

Under § 1231(a), a non-citizen who is "ordered removed" must be detained for 90 days. See 8 U.S.C. § 1231(a)(2)(A). Following this "removal period," the Government may continue to detain a non-citizen who is : (i.) "inadmissible under Section 1182," (ii.) "removable under [certain provisions of § 1227(a),]" or (iii.) "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the[ir] order of removal." Id. § 1231(a)(6). Otherwise, the non-citizen must be released subject to supervision. See id. § 1231(a)(3).

**IV.  DISCUSSION**

In response to the Court's order to show cause pursuant to 28 U.S.C. § 2243, the Government claims statutory authority to detain Mr. Candido Bolanos under 8 U.S.C. § 1231(a)(6). The plain text of this provision belies the Government's position.

It is undisputed that Mr. Candido Bolanos is outside the 90-day mandatory removal period. Nevertheless, the Government claims that ICE is authorized to detain him pursuant to § 1231(a)(6) because he is subject to removal under 8 U.S.C. § 1227(a)(1)(B) ("Any alien who is present in the United States in violation of this chapter or any other law of the United States . . . is deportable."). See ECF No. 12 at 3.

The INA authorizes no such thing. It is true that § 1231(a)(6) covers non-citizens who are subject to certain provisions of § 1227(a), specifically: "section 1227(a)(1)(C); 1227(a)(2), or 1227(a)(4)." 8 U.S.C. § 1231(a)(6). The problem here is that the Government does not rely on those provisions. Instead, it invokes a separate section of § 1227(a) which covers practically every undocumented person in the United States. See 8 U.S.C. § 1227(a)(1)(B). In doing so, the Government attempts to apply post-removal-period detention to people who do not necessarily fall into the specific categories prescribed by Congress in § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("The post-removal-period detention statute applies to certain categories of aliens . . . ."). The Government's sweeping interpretation of the INA is at war with its plain text. Meanwhile, this Court is not at liberty to ignore Congress's clear commands. See id. at 698 ("[I]f Congress has made its intent in the statute clear, we must give effect to that intent.") (citations omitted) (cleaned up); Sebelius v. Cloer, 569 U.S. 369, 381 (2013) ("[W]hen [a] statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms.") (citation omitted).

In sum, the Government cannot detain Mr. Candido Bolanos under § 1231(a)(6) merely because he is undocumented. The Government offers no other justification for his post-removal-period detention. Therefore, the Court has little difficulty concluding that it violates the INA's "statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Accordingly, this Court need not reach Petitioner's constitutional claim.

### V.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Mr. Candido Bolanos's Petition for a Writ of Habeas Corpus is **GRANTED** and Respondents are **ORDERED** to release him by 12 P.M.

on September 18, 2025—subject to supervision pursuant to 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that on or before September 19, 2025, at 12 P.M., Respondents shall file a notice of compliance confirming that Petitioner has been released.

**DATED:** September 17, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**