**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

HUGO GIL CANDIDO-BOLANOS,

Petitioner,

v.

TODD M. LYONS, *et al.*,

Respondents.

Case No. 2:25-cv-1359-RFB-EJY

**ORDER SEALING RECORDS AND ALLOWING AMENDMENT**

Before the Court are the Parties' Motions to Seal (ECF Nos. 31, 36), Petitioner's Motion to Amend (ECF No. 41), and Petitioner's Motion for Adjudication (ECF No. 38). For the following reasons, the Court grants the Parties' Motions to Seal and Petitioner's Motion to Amend; meanwhile, the Court denies Petitioner's Motion for Adjudication as moot.

## I. MOTIONS TO SEAL

First, the Court finds that Mr. Candido-Bolanos's immigration records should be sealed. In the Ninth Circuit, court records are presumptively open to the public. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). When a record is related to the merits of a case, it cannot be sealed absent: (i.) a compelling reason, (ii.) which is supported by articulable facts, that (iii.) outweighs the public's interest in inspecting government materials. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096–1101 (9th Cir. 2016) (citations omitted). This standard is satisfied here. Through their motions, the Parties seek to seal Mr. Candido-Bolanos's immigration records. See generally Mot. for Leave to File Asylum & Credible Fear Docs. Under Seal, ECF No. 31 [hereinafter, "Resp'ts' Mot. to Seal"]; Non-Opp'n to Resp'ts' Mot. to Seal & Unopposed Cross-Mot. for Leave to Seal, ECF No. 36 [hereinafter,

"Pet'r's Mot. to Seal"]. These records contain personally identifiable information ("PII"), including Mr. Candido-Bolanos's A-Number, residential history, familial connections, etc. See Pet'r's Mot. to Seal at 2; see also, e.g., generally Appl. for Asylum & for Withholding of Removal, ECF No. 28 [hereinafter, "I-589"]. Furthermore, they present sensitive information about Petitioner's fear-based claims for immigration relief. See Resp'ts' Mot. to Seal at 3; Pet'r's Mot. to Seal at 2–3; see also, e.g., Sworn Decl. 15–19, ECF No. 28; I-589 at 5–8. Based on the sensitive nature of these records, their public disclosure would undoubtedly undermine Mr. Candido-Bolanos's interest in his own privacy. Furthermore, it could expose Petitioner—and/or his loved ones—to retaliation in the very countries he seeks to escape. Cf. Owino v. Holder, 771 F.3d 527, 536 n.6 (9th Cir. 2014) (citations omitted) (acknowledging the "risk that [a] foreign government will retaliate against asylum seekers based on their failed attempts to emigrate"); Lin v. U.S. Dep't of Just., 459 F.3d 255, 264 (2nd Cir. 2006) (citation omitted) (same). Mr. Candido-Bolano's privacy, his safety, and the safety of those around him all serve as compelling reasons to withhold his immigration records from the public. Cf. Ctr. for Auto Safety, 809 F.3d at 1097 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978) ("What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"). And they are not outweighed by the public's general right to inspect court filings, particularly because the public retains access to the remainder of these proceedings for purposes of inspecting, understanding, and criticizing them. See id. (citations omitted). Therefore, the Court concludes that these records should be sealed.[1]

## II. MOTION TO AMEND

Second, the Court finds that Mr. Candido-Bolanos should be allowed to amend his petition for a writ of habeas corpus. Under the Federal Rules of Civil Procedure, a party may amend its pleading at any time with "the court's leave." Fed. R. Civ. P. 15(1)(2); see also Mayle v. Felix, 545 U.S. 644, 654 (2005) (clarifying that Federal Rule of Civil Procedure 15 may be applied to habeas proceedings). In turn, "[t]he court should freely give leave [to amend] when justice so

[1] Mr. Candido-Bolanos also seeks to seal his motion for a preliminary injunction (ECF No. 25), as it contains PII and sensitive information about his immigration claims. See Pet'r's Mot. to Seal at 2–3; see also generally Mot. for Prelim. Inj., ECF No. 25. For the same reasons discussed above, the Court finds that this motion should also be sealed.

requires," id., as there is a strong public policy favoring amendment. See Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted). Here, Petitioner seeks leave to file an amended petition in light of "a new and crucial factual development that directly implicates [his due process claim]." Mot. for Leave to File an Am. Habeas Pet. and Compl. 2, ECF No. 41 [hereinafter, "Mot. to Amend"]; specifically, Petitioner hopes to assert an updated due process claim against his (potential) removal to an undesignated third country. See id. at 3. Since an amended petition—which fully present Petitioner's claims for habeas relief—would enable this Court to "dispose of [this] matter as law and justice require," 28 U.S.C. § 2243, the Court finds good cause for allowing amendment.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Parties' Motions to Seal (ECF Nos. 31, 36) are **GRANTED**. Petitioner's immigration records (ECF Nos. 28, 32) shall **REMAIN UNDER SEAL**. Meanwhile, Petitioner's Motion for Preliminary Injunction (ECF No. 25) is **SEALED**. The Clerk of Court is kindly instructed to update the docket accordingly.

**IT IS FURTHER ORDERED** Petitioner's Motion to Amend (ECF No. 41) is **GRANTED**. Petitioner has up to, and including, **October 8, 2026,** to file an amended petition for a writ of habeas corpus. Alternatively, Petitioner may file a brief notice which indicates that he intends to proceed with his proposed first amended petition by that same date (ECF No. 41-1).

In light of the forthcoming amendment, **IT IS FURTHER ORDERED** Petitioner's Motion for Adjudication of Unresolved Constitutional Claim (ECF No. 38) is **DENIED** as moot.

**DATED:** September 24, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**